UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHAWNDRIKA LAWRENCE | CIVIL ACTION |
| VERSUS | NO. 19-14787 |
| SOUTHEAST LOUISIANA LEGAL SERVICES | SECTION "R" (2) |

### ORDER AND REASONS

The Court has received a motion to dismiss from defendant Southeast Louisiana Legal Services Corporation.[1] Plaintiff has not opposed the motion.[2] Because the Court does not have jurisdiction over plaintiff's claims, the Court grants the motion.

## I.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v.*

---

[1]   R. Doc. 10.
[2]   *See, e.g.*, R. Doc. 13 at 1 n.1.

*Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Because a 12(b)(1) motion is jurisdictional, a court considers such a motion "before addressing any attack on the merits," *see In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012), in order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice," *id.* at 286-87 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Nevertheless, a court uses "the same standard" when analyzing a Rule 12(b)(1) motion as it would a Rule 12(b)(6) motion. *See Dooley v. Principi*, 250 F. App'x 114, 115-16 (5th Cir. 2007) (per curiam).

In assessing a challenge to its subject matter jurisdiction, a court "may dismiss . . . on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *See Celestine v. TransWood, Inc.*, 467 F. App'x 317, 318 (5th Cir. 2012) (per curiam) (citing *Ramming*, 281 F.3d at 161).

## II. DISCUSSION

Plaintiff sues SLLS on the grounds that it mishandled her legal representation in a lawsuit initiated against Center Properties L.L.C.,[3] in a "mold related housing issue."[4] The Court dismisses this suit for lack of subject matter jurisdiction, because the parties are not diverse under Section 1332 and because plaintiff's claims do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

For diversity jurisdiction to exist here, the parties would have to be "citizens of different States." *See* 28 U.S.C. § 1332(a)(1); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." (emphasis removed)). But plaintiff and defendant are both citizens of Louisiana. Specifically, plaintiff states that she is "a resident of Orleans Parish, residing at 1641 Arts. St. New Orleans, Louisiana 70117,"[5] and that defendant is a "nonprofit organization registered in the State of Louisiana" with "domicile address . . . 1340 Poydras St. Suite 600

---

[3] *See, e.g.*, R. Doc. 1 at 4 ¶ 17, 9 ¶ 37.
[4] *See id.* at 1 ¶ 4.
[5] *See id.* at 1 ¶ 2.

New Orleans, Louisiana 70112."[6] Consequently, diversity jurisdiction does not exist.

Similarly, the complaint includes only state law claims for negligence and breach of contract,[7] thus depriving the Court of jurisdiction under Section 1331. *See* 28 U.S.C. § 1331.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion and DISMISSES plaintiff's claims WITHOUT PREJUDICE.

New Orleans, Louisiana, this __12th__ day of May, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[6] *See id.* at 1 ¶ 3.
[7] *See* R. Doc. 1 at 9-10 ¶¶ 40-41.